**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERRY L. MARTIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-408-GKF-PJC |
| ) | |
| **ERIC FRANKLIN, Warden,**[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus for failure to timely file petition (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

*BACKGROUND*

Petitioner Jerry L. Martin challenges his convictions entered in Tulsa County District Court, Case No. CF-2006-4793. On May 11, 2007, Petitioner pled guilty to Indecent Exposure (Count 1) and the amended charge of Attempting to Solicit a Minor Child (Count 2).[2] See Dkt. # 6, Ex. 1. On June 18, 2007, the trial court found Petitioner guilty and sentenced him to fifteen (15) years

---

[1] In his petition, Petitioner identified the respondent as the State of Oklahoma. Because Petitioner is currently in custody pursuant to the challenged convictions, the proper party respondent is Eric Franklin, Warden of the Rex Thompson Minimum Security Unit where Petitioner is presently incarcerated. Therefore, the Clerk of Court shall substitute Eric Franklin, Warden, as party respondent in place of the State of Oklahoma.

[2] Petitioner was originally charged in Count 2 with Attempted Lewd Acts With a Minor.

imprisonment, with the first ten (10) years to be served in custody and the last five (5) years suspended, on each count, to be served concurrently. Petitioner did not file a motion to withdraw his pleas and did not perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 6, Ex. 2.

On August 21, 2008, Petitioner filed his first application for post-conviction relief. See id. By order filed September 12, 2008, the state district court denied the requested relief. On October 1, 2008, an amended order denying post-conviction relief was filed. Id. Petitioner filed a post-conviction appeal. By order filed November 7, 2008, in Case No. PC-2008-978, the OCCA declined jurisdiction and dismissed the post-conviction appeal based on untimeliness. See www.oscn.net.

On December 3, 2008, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time. See Dkt. # 6, Ex. 2. By order filed February 3, 2009, the state district court denied the requested relief. Petitioner appealed. On May 20, 2009, in Case No. PC-2009-166, the OCCA affirmed the district court's ruling. See www.oscn.net.

On April 3, 2009, Petitioner filed a third application for post-conviction relief. See Dkt. # 6, Ex. 2. The state district court denied the application by order filed May 6, 2009. Petitioner appealed. On July 27, 2009, in Case No. PC-2009-490, the OCCA affirmed the denial of post-conviction relief and also dismissed an application for writ of habeas corpus, docketed as Case No. HC-2009-538. See www.oscn.net.

On July 29, 2009, after filing the instant federal habeas corpus action, Petitioner filed a petition for writ of habeas corpus in the state district court. See www.oscn.net. By order filed September 24, 2009, the district court denied that request as a fourth application for post-conviction

2

relief. Id. Petitioner appealed. His post-conviction appeal, assigned Case No. PC-2009-877, remains pending. Id.

On November 5, 2009, Petitioner filed a fifth application for post-conviction relief. Id. That request was denied on November 23, 2009. Petitioner filed a notice of intent to appeal. Id.

On June 25, 2009, Petitioner filed his *pro se* petition for writ of habeas corpus (Dkt. # 1). He claims that: (1) he is actually innocent because "computers are not people and no one was exposed to a person," (2) his attorney provided ineffective assistance when he failed to inform Petitioner of the elements of the crimes, (3) his two convictions based on one act violate the prohibition against double jeopardy, (4) the indictment was defective, (5) he is being punished for a crime for which he was not convicted, (6) he was not informed he would be punished for the amended charge, (7) the search and seizure were illegal, (8) the prosecutor "misused" the statutes, (9) his convictions are based on a legal impossibility, and (10) the evidence was insufficient. See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) to the instant case leads to the conclusion that Petitioner filed his habeas petition after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2006-4793, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on June 28, 2007. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the petition, began to run on June 28, 2007. Absent a tolling event, a federal petition for writ of habeas corpus filed after June 28, 2008, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, Petitioner did not seek any post-conviction relief during the

one-year period. Petitioner did not file for post-conviction relief until August 21, 2008, or approximately two (2) months after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, neither the first post-conviction proceeding nor any subsequent state proceeding collaterally challenging these convictions tolled the limitations period. Therefore, this action, commenced on June 25, 2009, appears to be untimely.

In response to the motion to dismiss, see Dkt. # 7, Petitioner asserts that this action should not be time-barred because he claims to be actually innocent of the crimes to which he pled guilty, because he pursued his habeas claims diligently, and because his one-year period should be measured under 28 U.S.C. § 2244(d)(1)(D). The Court rejects Petitioner's arguments. First, the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). A claim of actual innocence may warrant equitable tolling, see Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he

"diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

In support of his claim of actual innocence, Petitioner provides a chat log, statements provided by the mother and sister of the ten-year-old girl, and the Skiatook Police Department Incident Report. See Dkt. # 7, Exs. 1, 2, and 3. According to Petitioner, that evidence proves that although he was chatting on-line with a person he thought to be a ten-year-old girl, he exposed himself to a computer and not to a person when he masturbated in front of a web camera. As a result, Petitioner claims to be actually innocent of the crimes of Indecent Exposure and Attempting to Solicit a Minor Child. However, Petitioner mistakenly argues legal innocence rather than factual innocence in an effort to justify equitable tolling of the limitations period. See Batrez Gradiz v. Gonzales, 490 F.3d 1206, 1209 (10th Cir. 2007) (citing Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)). Furthermore, all of the evidence provided by Petitioner in support of his claim of actual evidence was available at the time he entered his guilty pleas. He presents no new evidence to support a claim of actual innocence. Schlup, 513 U.S. at 324. In the absence of new evidence, the Court finds Petitioner is not entitled to equitable tolling of the limitations period based on a claim of actual innocence.

The Court further finds that Petitioner has failed to demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way so as to prevent him from timely filing his habeas petition. Yang, 525 F.3d at 928. In support of his allegation that he has pursued his habeas claims diligently, Petitioner provides the hand-written statement of his mother describing her efforts to assist Petitioner in obtaining legal information. See Dkt. # 7, Ex. 4. She describes a letter-writing and telephone campaign that began in March 2008, or with only three (3) months left in the limitations period. As described above, Petitioner filed numerous collateral challenges to his convictions in state court, but only after the limitations period had already expired. Petitioner offers no explanation for his failure to take action prior to March of 2008. Petitioner has not demonstrated that he pursued his habeas claims diligently or that some extraordinary circumstance prevented him from timely filing his federal habeas petition. He is not entitled to equitable tolling.

Lastly, the Court finds that Petitioner has failed to demonstrate that his one-year period began to run under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Petitioner claims that he worked diligently to discover the basis for his habeas claims, including the definition of "in the presence of a child," and that under § 2244(d)(1)(D), his one-year period did not begin to run until he learned the "facts" supporting his claims. See Dkt. # 7. However, Petitioner's argument again confuses "factual predicate" with legal significance. Petitioner could have discovered through the exercise of due diligence the factual predicate for each of his habeas claims at the time he entered his guilty pleas. Although Petitioner may not have been able to construct the legal arguments asserted in his petition

until he conducted his own legal research, knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.

The Court concludes that Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall **substitute** Eric Franklin, Warden, as party respondent in place of the State of Oklahoma.
2. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 5) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
4. A separate Judgment shall be entered in this matter.

DATED THIS 16th day of December, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma